UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JOANNE E. SALVA                                   :   Case No. 07 CV 5673
                                                  :
                 Plaintiff,                       :
                                                  :
          v.                                      :   **DEFENDANT DOLLAR**
                                                  :   **TREE STORES, INC.'S**
DOLLAR TREE STORES, INC.                          :   **ANSWER AND**
          and                                     :   **AFFIRMATIVE DEFENSES**
SCOTT REESE,                                      :
                                                  :
                 Defendants.                      :
------------------------------------------------------------------ X

      NOW COMES Defendant Dollar Tree Stores, Inc. ("Dollar Tree")[1], by counsel, and for its Answer and Affirmative Defenses to the Complaint[2] filed herein states as follows:

      1.     Dollar Tree lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint.

      2.     Dollar Tree admits that its principal place of business is 500 Volvo Parkway, Chesapeake, Virginia 23320 with its main telephone number being 757-321-5000. Dollar Tree denies that Defendant Scott Reese ("Reese") lives at 500 Volvo Parkway, Chesapeake, Virginia 23320 and has a telephone number of 757-321-5000.

---

[1] This Answer and Affirmative Defenses are filed on behalf of Dollar Tree only with Defendant Scott Reese filing a Motion to Dismiss the claims against him simultaneously herewith.

[2] Attached to the Complaint, Plaintiff served four pages of handwritten, unnumbered, signed allegations, which Dollar Tree assumes are attached pursuant to paragraph 8 of the form Complaint and are intended to be incorporated as part of paragraph 8 of the form Complaint. Dollar Tree has typed and numbered these allegations, attached them hereto as Attachment A and responded to them in paragraphs 8a – 8w herein.

Additionally, Plaintiff attached a one-page typed recitation of facts, a four-page letter to William J. Van Ness and an "Amended Complaint". The "Amended Complaint" was not filed with the Court. Dollar Tree avers it is unnecessary to specifically respond to these additional documents, but reserves its right to file a responsive pleading to these additional documents if the Court deems a response necessary.

3. Dollar Tree admits the allegations contained in paragraph 3 of the Complaint.

4. Dollar Tree states the allegations contained in paragraph 4 of the Complaint constitute legal conclusions, the application of which cannot be determined until after presentation of all evidence at trial; and Dollar Tree avers that no response is required by it to those legal conclusions. However, to the extent that this Court should deem a response required, Dollar Tree denies all legal conclusions in paragraph 4 of the Complaint.

5. Dollar Tree denies the allegations contained in paragraph 5 of the Complaint.

6. Dollar Tree denies the Defendants committed any discriminatory acts against Plaintiff and denies the allegations contained in paragraph 6 of the Complaint.

7. Dollar Tree denies the allegations contained in paragraph 7 of the Complaint.

8. Dollar Tree specifically admits the allegations in paragraph 8 of the Complaint that Plaintiff was not the only manager on duty the day of the incident and she was not the "front end" manager that day. Dollar Tree denies the remaining allegations contained in paragraph 8 of the Complaint.

8a. Dollar Tree lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 8a of the Complaint.[3]

---

[3] As stated in footnote 1, attached to the form Complaint Plaintiff served four pages of handwritten, unnumbered, signed allegations, which Dollar Tree assumes are attached pursuant to paragraph 8 of the Complaint and are intended to be incorporated as part of paragraph 8 of the Complaint. Dollar Tree has typed and numbered these allegations, attached them hereto as Attachment A and responded to them in paragraphs 8a – 8w herein.

8b. Dollar Tree specifically admits the allegation contained in paragraph 8b of the Complaint that Plaintiff was employed by Dollar Tree for approximately five years. Dollar Tree denies the remaining allegations contained in paragraph 8b of the Complaint.

8c. Dollar Tree specifically admits the allegation contained in paragraph 8c of the Complaint that Plaintiff claims discrimination based on race. Dollar Tree denies the remaining allegations contained in paragraph 8c of the Complaint.

8d. Dollar Tree denies the allegations contained in paragraph 8d of the Complaint.

8e. Dollar Tree denies the allegations contained in paragraph 8e of the Complaint.

8f. Dollar Tree denies the allegations contained in paragraph 8f of the Complaint.

8g. Dollar Tree specifically admits the allegation contained in paragraph 8g of the Complaint that Plaintiff was employed by Dollar Tree for approximately five years. Dollar Tree denies the remaining allegations contained in paragraph 8g of the Complaint.

8h. Dollar Tree denies the allegations contained in paragraph 8h of the Complaint.

8i. Dollar Tree specifically admits that associates are hired under a 30-day review period. Dollar Tree denies the remaining allegations contained in paragraph 8i of the Complaint.

8j. Dollar Tree denies the allegations contained in paragraph 8j of the Complaint.

8k. Dollar Tree denies the allegations contained in paragraph 8k of the Complaint.

8l. Dollar Tree denies the allegations contained in paragraph 8l of the Complaint.

8m. Dollar Tree denies the allegations contained in paragraph 8m of the Complaint.

8n. Dollar Tree specifically admits the allegation contained in paragraph 8n of the Complaint that there were other managers at the store on the day of the incident and Plaintiff was not the "front end" manager. Dollar Tree lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 8n of the Complaint.

8o. Dollar Tree specifically admits the allegation contained in paragraph 8g of the Complaint that that there was an inventory delivery on the day of the incident and Plaintiff had been in the stock room during some portion of that day. The remaining allegations contained in paragraph 8o of the Complaint are undecipherable. However, to the extent the Court deems a response necessary, Dollar Tree denies the remaining allegations contained in paragraph 8o of the Complaint.

8p. The allegations contained in paragraph 8p of the Complaint are not factual allegations and Dollar Tree avers no response is necessary. However, to the extent the Court deems a response necessary, Dollar Tree denies the allegations contained in paragraph 8p of the Complaint.

8q. Dollar Tree lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 8q of the Complaint.

8r.     Dollar Tree avers the allegations contained in paragraph 8r of Complaint are not factual allegations and no response is necessary. However, to the extent the Court deems a response necessary, Dollar Tree denies the allegations contained in paragraph 8r of the Complaint.

8s.     Dollar Tree lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 8s of the Complaint.

8t.     Dollar Tree denies the allegations contained in paragraph 8t of the Complaint.

8u.     Dollar Tree denies the allegations contained in paragraph 8u of the Complaint.

8v.     The allegations contained in paragraph 8v of the Complaint are not factual allegations and no response is necessary. However, to the extent the Court deems a response necessary, Dollar Tree denies the allegations contained in paragraph 8v of the Complaint.

8w.     Dollar Tree lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 8w of the Complaint.

9.     Dollar Tree avers that no response is necessary to paragraph 9 of the Complaint as Plaintiff does not assert this allegation. However, to the extent the Court deems a response necessary, Dollar Tree denies the allegations contained in paragraph 9 of the Complaint.

10.     Dollar Tree admits the allegations contained in paragraph 10 of the Complaint.

11. Dollar Tree avers that no response is necessary to paragraph 11 of the Complaint as Plaintiff does not assert this allegation. However, to the extent the Court deems a response necessary, Dollar Tree denies the allegations contained in paragraph 11 of the Complaint.

12. Dollar Tree specifically admits the allegations contained in paragraph 12 of the Complaint that on or about February 27, 2007, the Equal Employment Opportunity Commission ("EEOC") issued its Dismissal and Notice of Rights letter indicating, among other things, that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes a violation of the statutes" and that a document attached to the Complaint appears to be a copy of the Dismissal and Notice of Rights letter. Dollar Tree lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 12 of the Complaint.

13. Dollar Tree denies that Plaintiff is entitled to recover any of the relief sought in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. The Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

2. Plaintiff cannot meet her burden of proof under the claims for which she seeks relief.

3. This Court lacks subject matter jurisdiction over some or all of the claims alleged in the Complaint.

4 Plaintiff has failed in whole or in part to exhaust her administrative remedies.

5. To the extent Plaintiff has suffered any damage or injury, which is denied, Plaintiff has failed to mitigate her damages and, therefore, her claims for relief are barred.

6. Plaintiff's alleged damages, which are denied, are the result of her own conduct and her claims are, therefore, barred in whole or in part by the doctrine of waiver and estoppel.

7. Plaintiff's race was not a substantial or motivating factor in any actions Dollar Tree may have taken relevant to her.

8. Dollar Tree has, at all times, treated Plaintiff in a fair, non-discriminatory and non-retaliatory manner and has legitimate business reasons for its actions.

9. At all times relative to Plaintiff's suit, Dollar Tree promulgated and maintained policies and procedures designed to prevent and correct alleged discrimination and retaliation in the work place.

10. Plaintiff's claims are unreasonable, frivolous and vexatious and Dollar Tree is entitled to recover its attorney's fees and costs incurred in this action.

11. Because of Dollar Tree's good faith efforts to comply with employment discrimination laws, and its promulgation and maintenance of policies and procedures designed to prevent and correct any alleged discrimination in the workplace, Plaintiff cannot recover punitive damages based on allegations of discrimination by Dollar Tree employees.

12. To the extent that the scope of the Complaint exceeds the scope of the Charge of Discrimination filed by Plaintiff with the EEOC and the EEOC's investigation reasonably related to those charges, Plaintiff may not pursue claims outside the scope of the charge.

13. Any claim under Title VII based on events or acts that did not occur within 300 days before the filing with the EEOC of the Charge of Discrimination that purportedly provides the jurisdictional and administrative predicate for this claim, is barred.

14. Any recovery by Plaintiff under Title VII is limited by 42 U.S.C. § 1981 (a)(b)(3).

15. Dollar Tree would have made the same decision relative to Plaintiff even absent her protected status.

16. Dollar Tree intends to rely upon its properly proven defenses and reserves the right to amend its Answer to Plaintiff's Complaint, up to and through the time of trial.

WHEREFORE, Defendant Dollar Tree Stores, Inc. requests that this Court dismiss Plaintiff's Complaint, with prejudice, and award costs, including attorney's fees and such other relief that the Court deems just and proper.

Dated: September 12, 2007
      New York, New York

                                  **McGUIREWOODS LLP**

By: _____
       Philip A. Goldstein (PAG-0908)
       McGuireWoods LLP
       1345 Avenue of the Americas, 7th Floor
       New York, New York 10156-0106
       Counsel for Defendant(s)

## Attachment A

### Plaintiff's Additional Allegations to the Complaint
### Pursuant to Paragraph 8 of the Complaint

8a.  The reason for my action against Dollar Tree is to clear my name.

8b.  Being with the company for 5 years I have seen how Dollar Tree acts.

8c.  I have filed for discrimination because of race, do to being on management and seeing how hard it is to terminate an employee that is considered a minority.

8d.  Even when it comes down to theft the company, meaning trained d.m.'s, gives more than the allowed amount of offenses. I have witnessed several of these being in the position I was in.

8e.  With this said another problem is that I know of a situation when a cashier in the store I worked in was accused of stealing money (this person is not a minority) but could not be fired or anything because of no prior documentation. The cashier came to me personally complaining that they were accused of stealing. The person who accused this cashier is Scott Reese the same person that fired me with out reason and based on assumption. With the problem with the cashier Scott had talk to me about the person before he accused the cashier, this is how I know this happened.

8f.  The day I was terminated all I did was my job and made sure an employee paid for an open product. (enclosed is a description of how that day went).

8g.  I was wrongfully terminated and knowing how that company works if I were a minority I would have gotten a warning: 5 years with Dollar Tree.

8h.  I had a great performance record (as told).

8i. The one thing that all new employees are told when hired is that the first 30 days is probation and the person can be let go for any reason or no reason at all.

8j. After that there has to be counseling forms and proper documentation. This is how it seems all district managers work. I was under 3 different ones and they all go by this.

8k. I don't understand why after five years of [illegible] and the day I did my job and protected the company I got fired no reason, no warning, no documentation.

8l. The rule use to be 3 repeated offenses in 3 months is enough to consider termination. I had no write ups.

8m. Also what I didn't like is that Scott took my personnel file. Not suppose to leave store.

8n. Also I wasn't the only manager on that day. There were two others and I know for a fact that Scott talk to them before me.

8o. I wasn't the front end manager, it was truck day and I had been in the stock room for 6a.m. – [illegible] 12:00 p.m. the front end manager had to [illegible] him in the office and the second manager (who was helping with the truck) had gone up front and when this person returned to the stock room told me that Scott was in the office.

8p. Why didn't he as the other two about the item in question.

8q. I don't even know what time Scott got to the store.

8r. I feel that Dollar Tree should have looked into the termination.

8s. I had been told by higher ups that I was an asset to the company.

8t. Bottom line the rules that are followed for other employees were not followed in my case.

   8u. I have a bad mark on my records I don't deserve and it's time that someone is aware how Dollar Tree runs. They don't prosecute for theft and do anything to keep their name out of the paper.

   8v. I can't let a company with lots of money scare me.

   8w. Having a termination on record does make other companies look the other way causing money problems for me. Thank you.


\4739531.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOANNE E. SALVA,

        Plaintiff,

   v.

DOLLAR TREE STORES, INC., and
SCOTT REESE,

        Defendants.

Case No. 07CV5673 (KMK)

**DEFENDANT DOLLAR TREE STORES, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

**McGuireWoods LLP**

Philip A. Goldstein
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
(212) 548-2100
Attorneys for Defendants