UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
JOANNE E. SALVA                                   :   Case No. 07CV5673 (KMK)
                                                  :
            Plaintiff,                            :   **DEFENDANT SCOTT**
                                                  :   **REESE'S MEMORANDUM**
     v.                                           :   **IN SUPPORT OF**
                                                  :   **MOTION TO DISMISS**
DOLLAR TREE STORES, INC.                          :
       and                                        :
SCOTT REESE,                                      :
                                                  :
            Defendants.                           :
------------------------------------------------------------------- X

NOW COMES Defendant Scott Reese, by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Memorandum in Support of his Motion to Dismiss Plaintiff Joanne Salva's Complaint (the "Complaint")[1] against him for failure to state a claim.[2] Individuals are not liable for claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. ("Title VII").

I.    **STANDARD OF REVIEW**

In deciding a motion to dismiss, the court must accept as true all factual allegations alleged in the complaint, Weatherman v. Terent County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 122 LED 2d 517, 113 S.Ct 1160 (1993), and draw all reasonable inferences in favor of the plaintiff, Albreit v. Oliver, 510 U.S. 266,

---

[1] In addition to this Memorandum, Defendant submits the affidavit of Philip A. Goldstein ("Goldstein Aff.") and the exhibit thereto, duly sworn to on September 12, 2007.

[2] Attached to the Complaint, Plaintiff served four pages of handwritten, unnumbered, signed allegations, which Reese assumes are attached pursuant to paragraph 8 of the form Complaint and are intended to be incorporated as part of paragraph 8 of the form Complaint. Additionally, Plaintiff attached a one-page typed recitation of facts, a four-page letter to William J. Van Ness and an "Amended Complaint". The "Amended Complaint" was not filed with the Court. Reese avers it is unnecessary to specifically respond to these additional documents, but reserves its right to file a responsive pleading to these additional documents if the Court deems a response necessary.

268, 127 LED 2d 114, 114 S.Ct 807 (1994). "The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Lider Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984) (citations omitted).

Far from being disfavored, Rule 12(b)(6) enables courts to streamline litigation by dispensing with needless discovery and fact finding. See Neitzke v. Williams, 490 U.S. 319, 326-327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Thus, if a plaintiff is unable to prevail as a matter of law, even if all the allegations in her complaint are taken as true, then the claim "must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)).

## II.   BACKGROUND AND FACTUAL STATEMENT

On June 14, 2007, Plaintiff filed her Complaint (a copy of which is annexed to the Goldstein Aff. as Exh. A) against Defendants Dollar Tree Stores, Inc. ("Dollar Tree") and Reese. Plaintiff claims that under Title VII she was discriminated against by Dollar Tree and Reese based upon her color, white, when Reese terminated her employment from Dollar Tree. (Complaint ¶¶ 4, 7)

## III.   ARGUMENT

### A.   The Claim against Reese Must be Dismissed as Individuals are Not Liable Under Title VII

Plaintiff brought this action individually against Reese because he was the Dollar Tree employee who terminated Plaintiff's employment. Title VII, however, does not provide for liability against individuals so Plaintiff's claim against Reese must be dismissed in its entirety.

Title VII prohibits discrimination by <u>employers</u>. See 42 U.S.C. § 2000e-2. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees…and any agent of such person." 42 U.S.C. § 2000e(b).

In construing the definition of "employer" under Title VII, courts consistently hold that Title VII does not permit the imposition of individual liability on individual employees. <u>See</u> <u>Patterson v. County of Oneida, New York</u>, 375 F.3d 206, 221 (2d Cir. 2004) <u>citing</u> <u>Wrighten v. Glowski</u>, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam); <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1313 (2d Cir. 1995). Indeed, the law in this circuit is clear as individual defendants are not statutory employers under Title VII, and accordingly, Plaintiff's claim must be dismissed with prejudice against Reese. <u>See id</u>.

WHEREFORE, Defendant Scott Reese prays this Court enter an order granting his Motion to Dismiss and dismissing the Complaint against him with prejudice, and awarding him the costs and attorneys fees incurred in his defense of this action and such other relief to which he may be entitled.

Dated: September 12, 2007
      New York, New York

                          **McGUIREWOODS LLP**

By: _____
     Philip A. Goldstein (PAG-0908)
     McGuireWoods LLP
     1345 Avenue of the Americas, 7th Floor
     New York, New York 10156-0106
     Counsel for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOANNE E. SALVA,

          Plaintiff,

    v.

DOLLAR TREE STORES, INC., and
SCOTT REESE,

          Defendants.

Case No. 07CV5673 (KMK)

## DEFENDANT SCOTT REESE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**McGuireWoods LLP**

Philip A. Goldstein
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
(212) 548-2100
Attorneys for Defendants